995 F.2d 1067
 144 L.R.R.M. (BNA) 2056, 146 L.R.R.M. (BNA) 2512
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner Cross-Respondent,
v.
ELECTRO-WIRE TRUCK & INDUSTRIAL PRODUCTS GROUP, Respondent
Cross-Petitioner.
 Nos. 92-5209, 92-5228.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1993.
Amended Judgment filed July 28, 1993.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon an application of the National Labor Relations Board for the enforcement of an order issued by it against the Respondent, Electro-Wire Truck & Industrial Products Group, Campbellsburg, Kentucky, its officers, agents, successors, and assigns, on December 31, 1991. The Court heard argument of respective counsel on January 21, 1993, and has considered the briefs and transcript of record filed in this cause. On March 25, 1993, the Court, being fully advised in the premises, handed down its opinion granting enforcement of the Board's Order, as modified. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Electro-Wire Truck & Industrial Products Group, Campbellsburg, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Threatening its employees with plant closure or plant removal in order to discourage its employees from selecting International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (hereinafter called the Union), as their collective-bargaining representative.
 
 
 4
 (b) Interrogating employees about their union memberships, activities or desires.
 
 
 5
 (c) Soliciting grievances of employees in order to dissuade them from becoming or remaining members of the Union or giving any aid or support to it.
 
 
 6
 (d) Threatening employees with discharge if they display union insignia or give other aid or support to the Union.
 
 
 7
 (e) Threatening employees with termination of seniority rights, reduction of wages, or loss of other benefits in order to discourage its employees from selecting the Union as their collective-bargaining representative.
 
 
 8
 (f) Discriminating against employees, by discharging them or by imposing disciplinary work rules on them, in order to discourage their union activities, memberships, or desires.
 
 
 9
 (g) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 11
 (a) Offer Melissa Wilson immediate and full reinstatement to her former job, or, if it does no longer exist, to a substantially equivalent position, without prejudice to her seniority or any other loss of earnings or other benefit suffered as a result of job action taken against her in the manner set forth in this court's decision dated March 25, 1993.
 
 
 12
 (b) Remove from its files any reference to the unlawful discharges of Kenneth "Don" Peters and Melissa Wilson and notify them in writing that this has been done and that their discharges will not be used against them in any way.
 
 
 13
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (d) Post at its Campbellsburg, Kentucky facility copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 
 16
 (f) AND IT IS FURTHER ORDERED that any determination as to Kenneth "Don" Peters entitlement to reinstatement (as in the case of employee Wilson) be made promptly by the Board in administrative compliance proceedings. If it be found that Peters would have been lawfully discharged shortly after his termination on June 4, 1990, then he shall be reimbursed for the pertinent period for loss of earnings or other benefit suffered as a result of this job action taken against him on that date, but he shall not be entitled to reinstatement. If it is found that Peters would not have been lawfully discharged shortly after June 4, 1990, then he shall be entitled to all the benefits provided for Melissa Wilson in subparagraph (a).
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT
 
 
 18
 OF APPEALS ENFORCING AN ORDER, AS MODIFIED, OF THE
 
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act (the Act) and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 WE WILL NOT threaten you with plant closure or plant removal in order to discourage you from selecting International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (the Union), as your collective-bargaining representative.
 
 
 25
 WE WILL NOT interrogate you about your union membership, activities or desires.
 
 
 26
 WE WILL NOT solicit grievances from you in order to dissuade you from becoming or remaining members of the Union or giving any aid or support to it.
 
 
 27
 WE WILL NOT threaten you with discharge if you display union insignia or give other aid or support to the Union.
 
 
 28
 WE WILL NOT threaten you with termination of seniority rights, or reduction of wages, or loss of other benefits in order to discourage you from selecting the Union as your collective-bargaining representative.
 
 
 29
 WE WILL NOT discriminate against you by discharging you or by imposing disciplinary work rules on you, in order to discourage your union activities, memberships, or desires.
 
 
 30
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of your rights that are guaranteed to you by Section 7 of the Act.
 
 
 31
 WE WILL offer Melissa Wilson immediate and full reinstatement to her former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other right or privilege previously enjoyed, and WE WILL make her whole, with interest, for any loss of earnings and other benefits suffered as a result of our discrimination against her.
 
 
 32
 WE WILL remove from our files any reference to the unlawful discharges of Kenneth "Don" Peters and Melissa Wilson and notify them in writing that this has been done and that the discharges will not be used against them in any way.
 
 ELECTRO-WIRE TRUCK & INDUSTRIAL PRODUCTS GROUP
 
 33
 (Employer)
 
 
 34
 Dated ________ By ______________________________
 
 
 35
 (Representative) (Title)
 
 
 36
 This is an official notice and must not be defaced by anyone.
 
 
 37
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3271, Telephone 513-684-3663.
 
 AMENDED JUDGMENT
 
 38
 July 28, 1993.
 
 
 39
 BEFORE: KENNEDY and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 
 40
 In this court's previous unpublished decision, dated March 5, 1993, we found taht employee Peters had been improperly discharged on June 4, 1990, because of union activity. We also found that the ALF had failed to indicate whether Peters, in any event, would have been terminated for business reasons within a few weeks after June 4 dut to a shift elimination. If the ALJ were to determine that Peters would have been laid off within a short time, he would not now be entitled to reinstatement as a remedy.[1] We left that issue for subsequent litigation and determination in a later compliance hearing.
 
 
 41
 Judgment entered in this case on June 1, 1993, was in error in handling this aspect of the controversy. We do not direct immediate reinstatement of Peters. Items 2(a) and (f) are therefore amended to read:
 
 
 42
 The Notice to be posted at the Campbellsburg, Kentucky facility shall be amended accordingly.
 
 
 
 [1]
 He would be entitled to back pay and benefits for a limited period only, in that event